THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
NOV 03 2022
PER _____
DEPUTY CLERK

| | |
|---|---|
| DAVID J. CATANZARO,<br>286 Upper Powderly Street<br>Carbondale, Pennsylvania 18407<br><br>Plaintiff,<br><br>VS.<br><br>LOWE'S COMPANIES, INC.,<br>HOME DEPOT USA, INC.,<br>WALMART STORES, INC.,<br>GEMMY INDUSTRIES CORPORATION;<br>and DOES 1 THROUGH 50<br><br><br>Defendant. | Case No. 3:22 cv 1752<br><br>Judge Mannion<br><br>Magistrate Judge ___<br><br><br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S VERIFIED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, David J. Catanzaro ("Plaintiff" or "Mr. Catanzaro"), complains of Lowe's Companies, Inc. ("Lowe's"), Homes Depot USA, Inc. ("Home Depot"), Walmart Stores, Inc. ("Walmart") and Gemmy Industries Corporation ("Gemmy"), as follows:

## I.  JURISDICTION.

1. This is a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code. This Court and other federal district courts have exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

## II.  VENUE.

2. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Further, venue is proper as to each defendant under 28 U.S.C. §1400(b).

## III.  PARTIES.

3. Plaintiff currently resides at 286 Upper Powderly Street, Carbondale, Pennsylvania 18407. Plaintiff is the owner of United States Patent No. 7,653,959 B1 (the "'959 patent"), entitled "Article Assembly," that issued on February 2, 2010 and expired on December 30, 2016. Under section 286 of the patent act, Plaintiff has the sole right to a six year look back to sue for infringement of said patent, allowing Plantiff from the day of this filing up to December 30, 2022 to make a valid claim. A copy of the '959 patent is attached hereto as **Exhibit A**.

4. Upon information and belief, Lowes is a North Carolina company with its principal place of business at 1000 Lowes Blvd., Mooresville, NC 28117

5. Upon information and belief, Home Depot is a Georgia company with its principal place of business at 2455 Paces Ferry Road NW, Atlanta, GA, 30339

6. Upon information and belief, Walmart is a Arkansas company with its principal place of business at 702 SW 8th Street, Bentonville, AR 72712

7 Upon information and belief, Gemmy is a Texas company with its principal place of business at 117 Wrangler Dr Ste 100, Coppell, Texas, 75019,

8. Plaintiff does not know the true identities of fictitious Defendants Does 1 through 50, but reserves the right to amend this complaint to add said defendants upon discovery of their true identities.

9. This court has personal jurisdiction over the named Defendant.

## IV. RELEVANT MATTER

10. The "959 patent is a continuation of U.S. Patent No. 6,026,532 (the "532 patent") which was assigned to the Church & Dwight Co. on February 28, 2011, as part of a settlement agreement during a patent infringement lawsuit ( *David Catanzaro v. Procter & Gamble Co. et al.)*

11. The '959 patent contained a Terminal Disclaimer whereby the Disclaimer stated that joint ownership of the '532 and '959 patent was required for the '959 patent to be enforceable.

12. Church & Dwight assigned the '532 patent back to Plaintiff on August 31, 2016 (The Assignment effective date). The Assignment is attached hereto as **Exhibit B**

13. Plaintiff has full legal right to commence this matter

## V.    CLAIMS.

### COUNT I – DECLARATORY JUDGMENT

3

14. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 13, inclusive.

15. An actual, present and justiciable controversy has arisen between Plaintiff and Defendants regarding the '959 patent.

16. Pursuant to 28 U.S.C. §§ 2201, *et seq.*, Plaintiff seeks declaratory judgment from this Court that Defendant has infringed upon the '959 patent.

## COUNT VI – PATENT INFRINGEMENT

17. Defendants transact business in this judicial district related to the '959 patent, without a license or permission from plaintiff. Defendants have infringed, induced others to infringe, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '959 patent. Defendants did so by manufacturing, having manufactured, importing, using, offering for sale and/or selling products that embody and/or practice the patented invention, known as, but not limited to: "Inflatable(s)" "Christmas Inflatable(s)" Holiday Inflatables, "Gemmy Airblown Inflatable(s)" and "Home Accents Airblown Inflatable(s)" product lines.

18. Defendants transacts business in this judicial district and has committed acts of infringement in this judicial district by offering for sale and selling the above stated Inflatable assorted product lines after February 2, 2010.

19. Plaintiff seeks damages for patent infringement against defendants for the maximum period of time permitted by law.

20. Defendants have directly infringed claims 1, 4, 5 & 8 of the '959 patent in violation of 35 U.S.C. § 271(a). Upon information and belief, defendant has also infringed claims 1,

4, 5 & 8 of the '959 patent by knowingly and actively inducing others to infringe in violation of 35 U.S.C. § 271(b).

21. Upon information and belief, Defendants infringement of the '959 patent have been willful and deliberate. Defendants infringement has injured plaintiff.

## VII. PRAYER FOR RELIEF.

WHEREFORE, Plaintiff, David J. Catanzaro, respectfully requests that this Court enter Judgment against Defendants and against their subsidiaries, successors, parents, affiliates, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. Issue a declaratory judgment stating that Defendants have infringed the '959 patent;

B. Order an award of damages adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

C. Issue a finding that Defendants acts of infringement have been willful and ordering an award of increased damages as provided by 35 U.S.C. § 284;

D. Order Defendants to pay plaintiff's reasonable attorney fees and costs of this action; and,

E. Order such other relief that Plaintiff is entitled to under law and any other further relief that this Court or jury may deem just and proper.

## VIII. JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues presented in this complaint.

Respectfully submitted,

David J. Catanzaro
Plaintiff *pro se*
286 Upper Powderly Street
Carbondale, PA 18407
Phone: (570) 936-9262
E-mail: davidjosephus@aol.com